UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CERVANDO TEJEDA,

                Plaintiff,

  -against-

SAMP GROUP, LLC, U.S. MASTERS T10 LEAGUE, RITESH PATEL, SHREEDHAR PATEL, and John Does 1-10 and Jane Does 1-10,

                Defendant.

------------------------------------------------------------------X

Civil Action No.: 24-cv-4685

**COMPLAINT**

Plaintiff Cervando Tejeda (**"Plaintiff"**) as and for its complaint against Defendants U.S. Masters T10, SAMP Group, LLC, Ritesh Patel, and Shreedhar Patel (**"Defendants"**), states:

## NATURE OF THE ACTION

1. This is an action for breach of the Advisory Agreement (attached as **Exhibit A**), and accounting. Defendants have failed to pay Plaintiff amounts based on the financial performance of the Leagues (defined below). Nor have Defendants provided copies of the books and records of U.S. Masters T10 League in the time required by the Advisory Agreement or upon demand by Plaintiff. The amount due and owing to the Plaintiff exceeds $75,000.

## THE PARTIES

2. Plaintiff is an individual who resides in New Yok, New York and whose principal place of business is located at 244 5th Avenue, New York, New York 10001.

3. Defendant U.S. Master T10 League is a limited liability company with its principal place of business in Morrisville, North Carolina.

4. Defendant SAMP Group, LLC (**"SAMP Group"**) is a limited liability company with its principal place of business in Morrisville, North Carolina.

5. On information and belief, Ritesh Patel is an individual who resides in North Carolina.

6. On information and belief, Shreedhar Patel is an individual who resides in North Carolina.

## JURISDICTION AND VENUE

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) and (c)(2) because a substantial part of the events related to establishment of the Advisory Agreement occurred in New York, New York, and its surrounding metropolitan area.

## FACTS

9. T-Ten Global Sports organized the 10-over format featuring legendary cricketers who have retired from the international format and paired them with young stars who are at the beginning of their careers.

10. The SAMP Group wishes to promote and develop the U.S. Masters T10 League in the United States and the India Masters T10 League (collectively, the **"Leagues"**).

11. Tejeda, in his individual capacity, and Ritesh Patel and Shreedhar Patel, as representatives of the U.S. T10 League and the SAMP Group, executed that certain Advisory Agreement, dated June 15, 2023 (the **"Agreement"**).

12. Pursuant to the Agreement, Plaintiff agreed to use his relationships as a sports agent to: (a) secure brand ambassadors who are reasonably considered to be celebrities or influencers in, among other things, the areas of sports, music, film and television, media, or fashion, etc.; (b) secure sponsorships; (c) assist the individual Defendants, the U.S. Master T10 League, or an individual franchise to cultivate and secure investors, or to promote media events to publicize the

Leagues or individual franchises.  The Plaintiff's responsibilities are referred to collectively as the **"Services."**

13. The Plaintiff performed the Services as required by the Agreement.

14. In consideration for performing the Services, the Agreement provides that Plaintiff shall receive the following compensation:

    a. **Interest in U.S. Masters T10 League.** One (1%) percent of the SAMP Group's equity interest in the U.S. Masters T10 League.  The Advisor shall receive payment on the 1% equity interest in U.S. Masters T10 League (based on the U.S. Masters T10 League's profit and loss statement) within sixty-five (65) days of the U.S. Masters T10 League's final game each season;

    b. **Interest in Samp Army India**.  One (1%) percent equity interest in Samp Army India in connection with the India Masters T-10 League.  The Advisor shall receive payment on the 1% equity interest in Samp Army India (based on the franchises profit and loss statement) within sixty-five (65) days of Samp Army India's final game in each season;

    c. **Sponsorships.**  Ten (10%) percent commission in connection with any sponsorship transaction secured by the Advisor.  The Advisor shall receive the commission payment within ten (10) days after the execution of a sponsorship agreement **and** the sponsor has paid the sponsorship amount due;

    d. **Finder's Fees.** The Advisor shall receive a finder's fee equal to one (1%) percent of the committed amount by each investor who is associated with the Advisor or where the Advisor has provided material assistance to secure the investor's investment in the U.S. Masters T10 League or a franchise.  The Advisor shall receive payment of the finder's fee within ten (10) days after the amount pledged by the investor has been paid; and

    e. **Vesting.**  The Advisor's equity interest in the U.S. Masters T10 League and SAMP Army India vested upon the execution of the Agreement;

15. In addition, the parties agreed on information sharing protocol related to the profits and losses of the Leagues, including:

    a. **The U.S. Masters T10 League**.  The U.S. Masters T10 League shall deliver a copy of its profit and loss statement to the Advisor within sixty (60) days after the final game of each season;

    b. **The India Masters T10 League**.  The India Masters T10 League shall deliver a copy of its profit and loss statement to the Advisor within sixty (60) days after the final game of the season; and

    c. **Inspection Rights**.  The Advisor shall have the right to inspect the books and records of the U.S. Masters T10 League and the India Masters T10 League upon providing twenty-one (21) days prior written notice to each of them.  The U.S. Masters T10 League and the India Masters T10 League shall produce the documents to the Advisor in the manner in which such documents are ordinarily maintained by each of them.

16. On or about August 23, 2023, the inaugural season for the U.S. Masters T10 League ended. Pursuant to the information sharing protocol, the Defendants were required to provide profit and loss statements to Plaintiffs on or before October 22, 2023.  The Defendants failed to do so.

17. Thereafter, the Plaintiff repeatedly contacted the Defendants' representative in writing to seek the profit and loss statements for the Leagues.  The Defendants ignored the Plaintiff's request for information about the Leagues' performance.

18. The Plaintiff enlisted the assistance of counsel to seek profit and loss information related to the Leagues' performance.  The Defendants ignored a demand letter from Plaintiff's counsel seeking financial information about the Leagues' financial performance.

19. Despite the demands from the Plaintiff, the Defendants have refused to comply with the information sharing protocol in the Agreement or pay any amounts due to the Plaintiff based on the Leagues' financial performance.

### AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

20. The Plaintiff incorporates the allegations above as if set forth in full.

21. The Plaintiff and the Defendants entered into the Advisory Agreement, which together constitute a binding agreement.

22. The Plaintiff performed his obligations under the Advisory Agreement by providing the Services to the Defendants.

23. The Defendants breached the Advisory Agreement by failing to make any payments to the Plaintiff or sharing the Leagues' profit and loss statement with the Plaintiff.

24. The Plaintiff has been damaged as a result of the Defendants' breach of the Advisory Agreement in an amount of to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## (ACCOUNTING)

25. Plaintiff repeats and incorporates the allegations above as if set forth in full.

26. The Agreement is a binding and enforceable contract which entitles the Plaintiff to certain inspection rights related to the Leagues' financial performance.

27. The Plaintiff has repeatedly demanded that the Defendants grant access to the Leagues' financial performance, including a formal written request on March 13, 2024.

28. The Defendants have failed to honor the Plaintiff's inspection rights or to provide any information about the Leagues' financial performance.

29. The Plaintiff has been damages because it has not received payment based on the Leagues' financial performance.  Nor has the Plaintiff received information or access to information to enable Plaintiff to ascertain the amounts owed.

30. A trier of fact will ascertain the Plaintiff's damages.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, including:

a. Compensatory as determined by the trier of fact;

b. An attachment over sufficient funds to satisfy a judgment in the Plaintiff's favor; and

c. Such further relief which this court may deem appropriate and to which the Plaintiff is justly entitled.

Dated: New York, New York
June 20, 2024

**BRADFORD EDWARDS LLP**

By: /s/ Denver G. Edwards
    Denver G. Edwards

575 Fifth Avenue, 14th Floor
New York, NY 10017
Telephone: 917-671-9407
Email: dedwards@bradfordedwards.com

*Attorneys for Plaintiff Cervando Tejeda*